```
                UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT

Stephen Bain,                        :
        Plaintiff,                   :
                                     :
    v.                               :    File No. 1:06-CV-222
                                     :
Susan Wehry, et al.,                 :
        Defendants.                  :
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
            (Papers 38, 41, 46 and 50)

Plaintiff Stephen Bain, proceeding *pro se*, has filed a series of motions pertaining to his efforts to conduct discovery.  Bain contends that the defendants have failed to provide him with initial disclosures, have deprived him of his legal papers, and have refused to engage in good faith efforts to resolve discovery disputes.  For relief, Bain asks the Court to (1) compel the production of initial disclosures; (2) compel the defendants to return his legal files and require that he be allowed to retain those files in his cell; (3) order his transport to a Vermont facility so that he can engage in discovery or, in the alternative, order all defendants to appear at his place of incarceration for depositions; and (4) compel the defendants to resolve litigation-related disputes via telephone or in person.  Bain has also moved for appointment of counsel.  Some of

the motions are in the form of requests for emergency preliminary injunctive relief. For the reasons set forth below, I recommend that the requests for injunctive relief be DENIED, and DENY Bain's other motions.

I. <u>Initial Disclosures</u>

Among Bain's filings is a motion to compel the production of initial disclosures. (Paper 41). Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv), "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is exempt from the initial disclosure requirement. Bain is a Vermont inmate proceeding *pro se*. Accordingly, he is not entitled to initial disclosures, and the motion to compel (Paper 41) is DENIED.

II. <u>Access to Legal Materials</u>

Bain complains that he has had limited access to his legal materials. Initially he alleged that, in the course of his transfer from Vermont to a privately-owned prison facility in Kentucky, his legal papers did not come with him. Later filings acknowledge that 240 pounds of legal materials were delivered to Kentucky.

The parties agree that Bain is allowed to cull those materials and keep some in his cell, up to the maximum allowed by the facility.  The remainder are in storage, and Bain is allowed periodic access.

Bain now argues that this limited access is inadequate, and communicates his suspicion that some of his papers are missing.  His argument does not explain why he needs access to over 200 pounds of papers at one time in order to engage in discovery, and does not identify any specific documents allegedly lost in the transfer.  Consequently, the Court is unable to find any prejudice being suffered under the system devised by the prison and/or Corrections personnel.

Bain also asks that in any future transfer, he be allowed to retain his legal files.  Currently, such files are shipped separately, presumably for security reasons.  Bain can only speculate that shipping his files separately will prejudice his ability to pursue his legal claims.  Moreover, absent a showing of likely or irreparable harm, the Court should be reluctant to interfere with established prison procedures.
See generally Covino v. Patrissi, 967 F.2d 73, 77 (2d

Cir. 1992).  I therefore recommend that the Court DENY Bain's request for an order requiring that he be able to personally retain his legal files in any future transfer from the Kentucky facility.

Bain further complains that his access to the prison law library has been curtailed, and that he is "receiving less access to the limited recourses [sic] of [the] law library, then [sic] many individuals similarly situated."  (Paper 50 at 3).  His attached exhibits, however, show library policies that apply to all inmates.  (Paper 50-2).  Furthermore, Bain has not shown how limited access to legal materials has impeded his ability to proceed in this or other litigation.  See Lewis v. Casey, 518 U.S. 343, 353 (1996) (plaintiff bringing access to courts claim must show actual injury resulting from defendants' conduct).  Finally, Bain's claim of limited library access is not a part of his original complaint, and therefore is not a proper subject for preliminary injunctive relief.  See Allen v. Brown, 1998 WL 214418, at *4 (Apr. 28, 1998) (citing Sweeney v. Bane, 996 F.2d 1384, 1388 (2d Cir. 1993)).

Accordingly, I recommend that Bain's requests for preliminary injunctive relief be DENIED.

III. Communications with Counsel

In the context of a dispute about the discovery schedule, Bain asked the Court to order counsel for the defendants to communicate with him via telephone or in person "relative to an agreement for scheduling discovery and any other future pertinent matters." (Paper 38 at 5). The Court has since signed the proposed discovery schedule, and any continuing claim with respect to that issue is moot. Going forward, and absent any showing that written communications are inadequate, the Court will not dictate the means by which counsel must communicate with each other or with the plaintiff.

IV. Transport Order or Depositions in Kentucky

Bain's final request is for an order requiring the defendants to personally appear at his prison in Kentucky for depositions. In the alternative, he asks for an order requiring his transfer back to Vermont so that he may undertake discovery here.

In support of his request, Bain contends that he has disabilities covered by the Americans with Disabilities Act, and that telephonic depositions will be too difficult given his chronic pain and brain injuries.  Conducting depositions in persons, he argues, "will promote Plaintiff's recall, support his concentration by minimizing distractions, will prove to be most/more convenient to the deponents' [sic], less expensive to the parties, advance the expeditious conclusion of discovery, avoiding prejudice to the Plaintiff and causing no prejudice to the Defendants' [sic]."  (Paper 49 at 7).  Bain also submits that arranging for a telephone and office space at the prison will be "confusing," with "constant interruptions" and logistical arrangements that are "unrealistic."  Id.

Despite Bain's arguments, it is difficult to see how in-person depositions will be advantageous. Transporting Bain to Vermont, or delivering the defendants to Kentucky, is surely more burdensome and expensive than simply placing a telephone call. Furthermore, there is little difference between arranging for a room for a face-to-face deposition and

6

arranging for a room with a telephone.  Indeed, the telephone option is likely to allow greater flexibility given that the room will not need to accommodate all those attending the deposition.  Finally, although the Court is sympathetic to Bain's physical issues, it is not clear why a telephone deposition will be more prone to distractions than a live deposition.  The request for an order requiring live depositions should, therefore, be DENIED.

The Court should also deny Bain's request that the defendants be required to go to Kentucky.  When a court considers the site of a deposition, there is "a presumption that the deposition of a defendant should be 'held in the district of his residence.'"  Ward v. LeClaire, 2008 WL 1787753, at *4 (N.D.N.Y. Apr. 17, 2008) (quoting Dagen v. CFC Group Holdings, Ltd., 2003 WL 21910861, at *2 (S.D.N.Y. Aug. 11, 2003)).  This presumption may be overcome "by a showing that factors of cost, convenience, and litigation efficiency militate in favor of a different location."  Dagen, 2003 WL 21910861, at *3.

Here, the defendants are all in Vermont. Considerations of cost, convenience and efficiency weigh against making them travel to Kentucky.  Moreover, Bain has made no showing that he will be unable to conduct depositions from his current place of incarceration. Until such a showing is made, an order requiring either that Bain be transported to Vermont or that the defendants appear for depositions in Kentucky is clearly not warranted.  I therefore recommend that Bain's request for such an order be DENIED.

V.   Appointment of Counsel

Bain has also moved for appointment of counsel. There is no constitutional right to appointed counsel in civil cases.  However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).  The decision as to whether or not to assign counsel lies clearly within the court's discretion.  In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984).  The factors to be considered by the Court include the following: (1) whether the indigent's claims seem likely

8

to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.  Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); see also Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

The Court must consider the issue of appointment of counsel carefully, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, Hendricks, 114 F.3d at 392, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of

prevailing are therefore poor."  Carmona, 243 F.3d at 632.

In support of his motion for appointment of counsel, Bain asserts that the "case is complex involving over eleven (11) individuals, extensive cross examination, Plaintiff will be further prejudiced through his inability to investigate, obtain expert exhibits, confer . . . ."  (Paper 49 at 9).  Bain has not made any showing, beyond his bare pleadings, that his claims of inadequate medical care have merit.  Nor has he shown, at this point in the litigation, that he is unable to investigate and prepare his case.

Despite Bain's claims about his ability to confer with opposing counsel, his filings show that he has been able to communicate with them both in writing and via telephone.  (Paper 41 at 1-4; Paper 41-2).  If Bain finds that he has difficulty obtaining library resources, he may file an appropriate pleading and proceed with an access to courts claim.  Given the record as it stands at this time, the motion for appointment of counsel is not sufficiently supported and is therefore DENIED, without prejudice.

## Conclusion

For the reasons set forth above, Bain's motion to compel initial disclosures, for sanctions against the defendants for failure to provide such disclosures, and for an extension of time to continue with discovery until after the disclosures are received (Paper 41) is DENIED.  Bain's motion for appointment of counsel (Paper 41) is also DENIED.  As to Bain's requests for a protective order, a transport order and other injunctive relief (Papers 38, 41, 46 and 50), I recommend that these motions also be DENIED.

Dated at Burlington, in the District of Vermont, this 3rd day of May, 2008.


/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).