UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Stephen Bain,                           :
            Plaintiff,                   :
                                        :
        v.                              :    File No. 1:06-CV-222
                                        :
Susan Wehry, et al.,                    :
            Defendants.                 :

ORDER
(Doc. 81)

Plaintiff Steven Bain, a Vermont inmate proceeding *pro
se*, brings this action claiming inadequate medical care.
Currently pending before the Court is Bain's emergency motion
for injunctive relief in which he claims that he is being
denied adequate access to legal materials.  Also pending is
the Defendants' motion for summary judgment.  For reasons set
forth below, Bain's motion for a preliminary injunction is
DENIED, and he shall file his response to the summary
judgment motion within 30 days of the date of this Order.

Factual Background

Bain has been in the custody of the Vermont Department
of Corrections ("DOC") since May 2003.  He claims that in
2004, while housed at the Southern State Correctional
Facility, he was placed in segregation while his legal
materials were read and copied by DOC officials.  He alleges
that a DOC employee then instructed a cleaning person to
discard the files, but that a fellow inmate "intervened at

nearly the moment of destruction" and saved them.  (Doc. 81
at 2.)

Bain next alleges that in 2007 he was transferred to a
prison facility in Oklahoma, but that "his extensive legal
files were deliberately never shipped to that remote
location."  Id.  In September 2007, he was transferred to a
facility in Kentucky, but did not obtain access to all of his
legal files until June 2008.  Id.

In October 2009, Bain was returned to Vermont for a
habeas corpus proceeding in state court.  He claims that his
legal files arrived shortly before the November 10, 2009
hearing.  His prison facility, however, "was not amenable to
facilitating Petitioner ready access to the limited legal
resources of the facility law library, his legal files, nor
would they allow him to possess said files."  Id. at 3.  Bain
therefore moved the state court for a protective order.  The
state court granted the motion, but the order was of "limited
duration" and has since expired.  Id.

In December 2009, Bain was transferred to the Caledonia
County Work Camp ("CCWC").  He claims that during his time at
CCWC, he has been denied adequate access to the law library
and is unable to open files he has stored on CD.  As to
library access, Bain complains that he is not allowed to be
in the library without a librarian present.  "Furthermore,"

he alleges, "many of the law library computer functions are blocked or inoperable." Id.

After the state court's protective order expired, Bain was informed that he would be allowed "no more access to the law librar[y's] resources than any other individual." Id. at 4. He complains that this treatment is unfair, because other prisoners are not "litigants with multiple active cases pending in state and federal jurisdictions," and their needs are thus "not equal to Petitioner's." Id. Finally, Bain claims that some of his legal files have been "impounded," that he cannot access legal files currently stored in computers at the Northeastern Regional Correctional Facility, and that the law library computer at CCWC was removed on January 14, 2010.

Without providing specific examples, Bain contends that these issues have rendered him unable to comply with court orders "or effectively litigate, causing Petitioner prejudice." Id. He also expresses concern about a jury draw scheduled for February 3, 2010. After the Defendants' moved for summary judgment, however, the Court postponed the jury draw and removed the case from the trial calendar. (Doc. 83.)

The Defendants have opposed Bain's motion, and have submitted an affidavit from Carol Callea, Esq., Director of

Legal Education and Inmate Access to Courts for the DOC.  As discussed more fully below, the Callea affidavit attests that Bain is receiving access to the prison law library, and to legal materials generally, in full compliance with the law and DOC policy.  Bain has not responded to the Callea affidavit.

## Discussion

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter."  Patton v. Dole, 806 F.2d 24, 28 (2d Cir. 1986).  In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party.  D.D. ex rel. V.D. v. New York City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted).  Courts have also held that a motion for preliminary injunctive relief must relate to the allegations contained in the underlying complaint.  See, e.g., McAllistor v. Goord, 2009 WL 5216953, at *2 (N.D.N.Y. Dec. 30, 2009); McKinnon v. Tresman, 2004 WL 78091, at *1 (D. Conn. Jan. 9, 2004).

In this case, Bain's underlying complaint alleges that he was provided inadequate medical care.  If the Court

4

accepts the proposition that a motion for injunctive relief must relate to the harm alleged in the complaint, Bain's motion relating to his access to legal materials must be DENIED.

Furthermore, Bain has failed to establish a likely constitutional violation. The Constitution does not require unlimited and unrestricted access to a prison law library, and prison officials may impose reasonable restrictions on the use of the law library. See Morello v. James, 810 F.2d 344, 347 (2d Cir. 1987); Phelan v. Hersh, 2010 WL 277064, at *8 (N.D.N.Y. Jan. 20, 2010). While it is true that under the Constitution a correctional facility must provide an inmate with meaningful access to the courts, Bounds v. Smith, 430 U.S. 817, 828 (1977), the mere limitation of access to legal materials, without more, does not state a constitutional claim. Jermosen v. Coughlin, 877 F. Supp. 864, 871 (S.D.N.Y. 1995). To the extent that Bain is bringing a Fourteenth Amendment claim, there is no indication that he has been treated differently from other inmates.

Bain offers no support for his claim that a prisoner with several pending cases is entitled to heightened access to legal materials. To extent that he currently has access to such materials at CCWC, the Callea affidavit attests that his access is consistent with DOC policies and directives.

Specifically, Directive 385.01 provides that inmates will be provided access to the law library no less than 12 hours per week, and that the law library will be open during pre-established posted times. No inmate is allowed access without a law librarian or legal assistance in attendance. (Doc. 84-3 at 2-3.)

When an inmate uses a prison computer, he agrees to the terms of use, including the acknowledgment that "computer access and use is not a right, but is instead priviledge [sic], which may be revoked, limited or modified at any time," and that "future access to any personal legal work stored within law library computers cannot be guaranteed." (Doc. 84-4 at 13). Consequently, Bain was aware that he could not simply store legal materials on a computer and expect them to be retrievable at any time.

In order to establish that he is being denied access to the courts, Bain must also demonstrate that he has suffered an actual injury. Specifically, he must show that he has suffered, or will imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). Bain does not claim either that he will be unable to obtain specific materials, or that any of the documents that have allegedly

been "impounded" are required for him to continue this litigation.

Because Bain has failed to show any actual or imminent injury, or any likely constitutional violation arising out of his limited access to the prison law library, his motion for a preliminary injunction is DENIED. Nonetheless, the Court is sensitive to the fact that computers were removed from his facility, and will therefore allow Bain an additional 30 days from the date of this Order in which to respond to the Defendants' motion for summary judgment.

## Conclusion

For the reasons set forth above, Bain's motion for an emergency injunction (Doc. 81) is DENIED. Bain shall respond to the Defendants' motion for summary judgment within 30 days of the date of this Order.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 5th day of April, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge